UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF LOUISIANA

| | |
|---|---|
| **HECTOR BARAHONA;** | **CIVIL ACTION** |
| **VICENTE MUNOZ;** | |
| **DANILO CORREA;** | **NO._____** |
| **& OSMAN PINEDA,** | |
| **Individually** | |

**VERSUS**

**LYNDA VITRY**

## FLSA COMPLAINT

1.  This is an action brought by **Hector Barahona, Vicente Munoz, Danilo Correa, and Osman Pineda** (collectively, "**Plaintiffs**"), individually and on behalf of all others similarly situated, seeking unpaid overtime compensation and other relief allowed by law from **Lynda Vitry** ("**Defendant**").

2.  Defendant employed individuals as construction and renovation workers and payed those individuals on an hourly basis. Plaintiffs and all others similarly situated work or worked for Defendant as construction and renovation workers and have routinely worked more than forty (40) hours per workweek without being paid an overtime rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per work week.

## JURISDICTION AND VENUE

3.  This Court has original jurisdiction pursuant to 28 U.S.C sec. 1331 because this action is brought under the FLSA.

4.  Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. sec. 1391(b)(1) because one or more Defendants reside in the district all Defendants are residents of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

5. At all times relevant hereto Defendant was the primary or exclusive employer of Plaintiffs, and directed or controlled how Plaintiffs completed their work, and the tasks that were to be completed.

6. At all times relevant hereto Defendant maintained control over the financial and business aspects of Plaintiff's work; paid Plaintiffs hourly for the work performed; provided all materials and tools for Plaintiffs' work, and controlled a daily schedule for Plaintiffs, particularly during the three (3) years predating the termination of their employment with Defendant.

7. At all times relevant hereto Defendant employed Plaintiffs on an at-will basis. No written contract, estimate or other document evidencing the work to be completed was created between them, and for the approximately ten (10) year duration of Defendant's employment relationship with Plaintiffs, the Plaintiffs construction, renovation and maintenance work was a principal part of Defendant's property rental business in the New Orleans metropolitan area.

8. Plaintiffs are adult residents of the Jefferson Parish area. Plaintiffs were employed by Defendant as construction, renovation, and property maintenance workers at Defendant's rental properties, of which Defendant operates approximately fourteen (14) in New Orleans, Louisiana.

9. Plaintiffs and the FLSA Collective are current and former employees of Defendants within the meaning of the FLSA within three years before the filing of this Complaint.

10. Lynda Vitry is a person of full age of majority and resident of Parish of Orleans.

11. Lynda Vitry is an adult resident of Orleans, Louisiana. Upon information and belief Lynda Vitry devised the plan to underpay Plaintiffs and the FLSA Collective for their overtime work.

## FLSA COVERAGE

12. At all times relevant to this action, Defendants have employed Plaintiffs as defined by the FLSA.

## FACTS

13. **Hector Barahona** worked from around and about August 19, 2006 to December 23, 2016. During the time he worked he was paid $18.00 an hourly rate. He worked consistently more than 60 hours a week from herein. Defendant has maintained all payment records and currently possesses all payment records. Records were requested for Plaintiff from Defendant via certified and were not provided.

14. **Vicente Munoz** worked from around and about November 2, 2011 to November 2, 2016. During the time he worked he was paid $17.00 an hourly rate. He worked consistently more than 60 hours a week from herein. Defendant has maintained all payment records and currently possesses all payment records. Records were requested for Plaintiff from Defendant via certified and were not provided.

15. **Osman Pineda** worked from around and about November 2, 2006 to November 2, 2016. During the time he worked he was paid $18.00 an hourly rate. He worked consistently more than 60 hours a week from herein. Defendant has maintained all payment records and currently possesses all payment records. Records were requested for Plaintiff from Defendant via certified and were not provided.

16. **Danilo Correa** worked from around and about November 2, 2004 to November 2, 2016. During the time he worked he was paid $18.00 an hourly rate. He worked consistently more than 60 hours a week from herein. Defendant has maintained all payment records and currently

possesses all payment records. Records were requested for Plaintiff from Defendant via certified and were not provided.

### COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

17. Plaintiffs incorporate by reference the allegations contained in all of the above paragraphs as if fully set forth herein.

18. The FLSA applies to Defendants' employment of Plaintiffs

19. The FLSA mandates that employees are entitled to overtime premium pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per work week.

20. Defendants have willfully refused to pay overtime to Plaintiffs and the FLSA collective for hours worked in excess of 40 hours per work week

21. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

22. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the FLSA. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the FLSA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Collective, pray for judgment against Defendants as follows:

A. A finding that Defendants violated the overtime provisions of the FLSA;

B. A finding that Defendants' violations of the FLSA were willful;

C. Judgment against Defendants in the amount of Plaintiffs' and the FLSA Collective's unpaid overtime wages at the applicable rates;

D. An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

E. An award of attorneys' fees and costs incurred in prosecuting this action;

F. For such other and further relief, in law or equity, as this court may deem appropriate and just.

Respectfully submitted:

**BURGOS & ASSOCIATES, L.L.C.**

_____*/s/ Gabriel O Mondino*_
Cesar R. Burgos (# 24328)
Robert J. Daigre (#23016)
Gabriel O Mondino (#31514)
George McGregor (#33977)
3535 Canal Street, Suite 200
New Orleans, LA 70119-6135
Telephone: (504) 488-3722
Facsimile: (504) 482-8525